OPINION
{¶ 1} This is an appeal from an order of the domestic relations division of the court of common pleas denying a former spouse's request to enter a Qualified Domestic Relations Order ("QDRO") with respect to a retirement account the court had previously divided in a decree of divorce.
 {¶ 2} A decree of divorce terminating the marriage of the parties was entered on August 19, 1996. The decree divided the interests of the parties in a State of Ohio Police and Fire Pension Fund account owned by Plaintiff-Appellee, Edward L. Goldshot, on an equal basis and in proportion to the duration of their marriage. Because such plans were not then subject to direct division, the decree required Edward to pay her proportionate share directly to Defendant-Appellant, Vickie L. Carmen, when and as Edward received it upon his future retirement. The decree further provided that the court retained jurisdiction to issue a QDRO effecting a division of the retirement account should the law be amended to allow it.
 {¶ 3} The law was subsequently amended to permit a division by QDRO of interests in the Ohio police and fire pension fund. R.C. 742.462. Vickie asked the court to order a QDRO. The court denied the motion, finding that it lacks jurisdiction to do so. Vickie filed a timely notice of appeal.
Assignment of Error
 {¶ 4} "The trial court erred in overruling the defendant's motion to divide the plaintiff's policeman's pension fund."
 {¶ 5} The court was required to classify the portion of Edward's retirement account accumulated during their marriage as marital property and to divide it equally between the parties. R.C. 3105.171(A)(3)(a)(i), (B) and (C). However, and because a division by QDRO was not then possible, the court imposed an obligation on Edward to pay Vickie her share when payment of his retirement benefit commences, as each payment is received.
 {¶ 6} Though it stated that the parties waived their claims for spousal support, the decree classified Edward's obligation as spousal support, which is not subject to discharge in bankruptcy. The decree further provides that "said spousal support obligation shall not be subject to the continuing jurisdiction of the Court for modification purposes but shall be subject to the continuing jurisdiction of the court for enforcement only."
 {¶ 7} These inconsistencies in the decree caused the court to find that it lacked jurisdiction to enter the QDRO Vickie requested. We do not agree.
 {¶ 8} The division of Edward's retirement account the court ordered was not an order for spousal support, which the court may reserve jurisdiction to modify. R.C. 3105.18(E). Rather, it was a division of marital property. R.C. 3105.171(I) provides that the court may not modify a property division order. That limitation is jurisdictional. However, the court retains jurisdiction to make orders in aid of the relief granted in its property division orders. Tarbert v. Tarbert (Sept. 17, 1996), Clark App. No. 96-CA-0036. A QDRO which by its terms is consistent with the division of a retirement account ordered in the decree may thus be issued subsequent to the final decree, because it neither varies from, enlarges, or diminishes the relief which the decree ordered. Id.
 {¶ 9} The domestic relations court erred when it held that it lacks jurisdiction to issue the QDRO that Vickie requested. The assignment of error is sustained. The order from which this appeal is taken will be reversed, to that extent, and the case remanded for further proceedings consistent with this opinion.
Brogan, P.J. And Young, J., concur.
Hon. Frederick N. Young, Retired from the Court of Appeals, Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.